[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on July 20, 1986 at East Hampton, Connecticut. The plaintiff has resided in the State of Connecticut since that time. There are two minor children issue of the marriage: Daniel Fuentes, born July 1, 1987 and Jeana Fuentes, born January 18, 1989.
The evidence presented at trial has clearly established the allegation that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria in 46b-56,46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties lived together from the time of their marriage in July 1986 to the date of their separation in the spring of 1990, approximately four years. Although this action was started in September 1990, no explanation was given as to the delay in having this matter heard. CT Page 1173
The parties have been separated and have lived apart since the spring of 1990. The plaintiff is presently employed in retail sales and earns a net of $275.27 per week. The plaintiff has a high school education and one year of business school (seventeen years ago). She is unable to work longer hours due to the age of her 2 children and her lack of transportation.
During the time the parties lived together, the defendant was employed at IBM, earning a salary of approximately $50,000 per year. The defendant is an internal auditor. The defendant lost employment in May 1992. In September 1993 the defendant obtained his current employment and is presently earning approximately $53,000. per year.
Both parties are in good health.
Unfortunately, the parties were unable to resolve their marital difficulties. The Court declines to assess fault to either party for the breakdown of the marital relationship.
The Court has carefully considered all the statutory criteria in entering the following orders:
A. Custody Visitation
1. There shall be joint legal custody of the minor children with physical residence to the plaintiff.
2. The defendant shall have reasonable rights of visitation to include alternate weekends from Friday at 6:00 PM to Sunday at 6:00 PM.
3. In addition, the parties shall share holidays and school vacations as they shall agree. If the parties are unable to agree they are referred to Family Services for mediation and if this is unsuccessful the parties shall return to court for further orders after a hearing thereon.
B. Child Support
1. The court ordinarily enters a weekly order of support. The defendant in this case, however, is paid twice a month — on the fifteenth and thirtieth. To accommodate the immediate wage withholding and to assist the defendant in keeping current with the CT Page 1174 child support payment, the court is entering a monthly order, payable in two installments to coincide with the defendant's pay periods per month.
2. The defendant shall pay to the plaintiff as child support the sum of $1250 per month commencing February 25, 1994 payable one-half on the fifteenth and one-half on the thirtieth of each month to coincide with the defendant's two pay periods per month.
3. An immediate withholding is ordered.
C. Medical Insurance
1. The defendant shall provide medical, dental and hospital insurance as is available through his place of employment for the benefit of the minor children.
2. Any unreimbursed medical expenses shall be equally divided between the parties.
D. Alimony
1. The defendant shall pay to the plaintiff as periodic alimony the sum of $130 per month. Said alimony shall commence with the defendant's pay period of February 25, 1994.
2. Said alimony shall terminate on the plaintiff's death, remarriage or cohabitation as defined by statute or two years from date. In two years, the youngest child will be seven years old and in school full time. The child will be of an age where daycare costs can be reduced. Further, two years will give the plaintiff an opportunity to advance herself in the business world.
3. Said monthly award of periodic alimony shall be paid in two installments per month to coincide with the defendant's two pay checks per month — $65 per paycheck.
E. Arrears
1. The parties have agreed that the pendente lite arrearage as of January 31, 1994 is $19,405. This court so finds the child support arrearage to be $19,405 as of January 31, 1994.
2. Said arrearage shall be paid as follows: CT Page 1175
 a. Commencing March 1, 1994 and monthly thereafter the defendant shall pay the sum of $130 per month until the arrears are paid in full.
 b. In addition, the defendant shall pay a lump sum amount of $5,000 on or before October 1, 1994.
 c. In addition, the defendant shall pay a further lump sum amount of $5,000 on or before October 1, 1995.
 d. In addition, the defendant shall pay a further sum amount of $5,000 on or before October 1, 1996.
3. In the event the defendant fails to pay any of the $5,000 installments as set forth above, then the plaintiff shall be entitled to statutory interest on the full amount of the balance due of the lump sum installments. Provided the defendant remains current, the entire arrearage will be paid within three years.
F. Debts
1. Each party shall be responsible for the debts as listed on their respective financial affidavits and shall hold the other harmless therefrom.
2. The defendant shall hold the plaintiff harmless from any and all liability arising out of the two federal tax liens as shown on defendant's financial affidavit.
3. Each party shall be responsible for one-half of the outstanding U.I. bill.
G. Pension
1. The defendant shall be entitled to his remaining pension rights as are available at IBM.
2. The plaintiff shall be entitled to one-half of the personal retirement provision lump sum benefit which the defendant received on or about August 8, 1992. The plaintiff's share is $1478.83. Said amount shall be paid to the plaintiff by the defendant within 90 days of date.
H. Dependency Exemptions CT Page 1176
1. The plaintiff shall be entitled to claim the minor children as dependents for federal and state income tax purposes for the year 1993.
2. The defendant shall be entitled to claim the two minor children as dependents for the year 1994 and thereafter, provided that the defendant is current in his support payments as of December 31, of each year.
3. This provision shall be modifiable.
I. Life Insurance
1. At the present time the defendant has life insurance in the amount of $20,000 for each child (total forty thousand dollars) through his place of employment. The defendant testified that he could obtain an additional $50,000 (fifty thousand dollars) at a cost of approximately $80 per year.
2. It is ordered that the defendant shall obtain a total amount of life insurance in the amount of $100,000 with the plaintiff and the minor children named as irrevocable beneficiaries thereon for so long as the defendant has alimony and/or child support obligations.
3. This provision shall be modifiable.
J. Counsel Fees
The plaintiff is awarded counsel fees in the amount of $500 (five hundred dollars) to be paid within 90 days of date.
K. Change of Name
The plaintiff is granted a change of name to Dorothy Matthews.
Coppeto, J.